■ Konstantinos Kaltsas et al., Appellants, v Henry S. Holender et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), which, after a nonjury trial, inter alia, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Viewing the evidence adduced at trial in a light most favorable to the defendants, the record reveals that in October 1986 the plaintiffs inspected the defendants' home and at that time agreed to purchase it for $265,000, after being shown a survey and certificate of occupancy for the premises as a two-family dwelling. Although the defendants had previously altered the premises by removing the upstairs dwelling unit, the defendants testified that the plaintiffs inspected the altered

portion of the house, and were informed that the premises could be converted to a two-family dwelling in light of the certificate of occupancy. Thereafter, the plaintiffs executed a contract of sale under which the defendants were to convey a "legal two family dwelling" to be accepted by the purchaser "as is". Subsequently, when an appraiser's report disclosed that the house did not contain two separate units, the plaintiffs refused to attend the closing, contending that the defendants could not convey title to a "legal" two-family home in accord with the contract, since the premises had been altered. The Supreme Court declined to credit the plaintiffs' assertion that they had never inspected the altered upstairs portion of the home, and construed the contract as requiring the defendants to convey the premises "as is", i.e., as it existed at the time of the plaintiffs' inspection. The court concluded that by improperly demanding removal of the alterations, the plaintiffs were in breach of the contract. We agree.

Contrary to the plaintiffs' contentions, the parties' contract —which specified that the premises were to be purchased "as is"—did not obligate the defendants to convey a dwelling containing two separately constructed units. The Supreme Court, crediting the defendants' account of relevant events, properly concluded that the plaintiffs had inspected the premises, that they were aware that it had been altered and did not contain two separate units, and that they nevertheless agreed to purchase the property "as is", after inspecting the certificate of occupancy. Since the record establishes that the defendants were always in a position to convey the property in conformity with the terms of the contract, the plaintiffs' demand that the defendants restore the previously altered portions of the premises as a prerequisite to the closing of title, constituted a breach of the contract. Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.