■ NATHAN SCHMUTTER, Appellant, v BARUCH ABARGEL et al., Respondents. [723 NYS2d 95] —In an action for a judgment declaring that the plaintiff is entitled to retain a down payment given pursuant to a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Pincus, J.), dated July 17, 2000, which denied his motion for summary judgment.

Ordered that the order is affirmed, with costs.

On September 8, 1999, the plaintiff entered into a contract to

sell a vacant commercial building in Brooklyn to the defendants. In the contract of sale, the plaintiff expressly represented that "there is a valid and existing certificate of occupancy for premises as a supermarket and offices." Although the plaintiff produced a 1963 certificate of occupancy allowing the premises to be used for a supermarket and offices, the defendants refused to close, claiming that this certificate of occupancy was invalid because an alteration permit had been issued in 1985 authorizing the conversion of the first floor from a store to medical offices. The plaintiff subsequently commenced this action for a judgment declaring that he is entitled to retain the defendants' down payment as liquidated damages.

Contrary to the plaintiff's contention, the Supreme Court properly denied his motion for summary judgment. Although the existing certificate of occupancy for the premises permits the first floor of the building to be used as a supermarket, the defendants raised triable issues of fact as to whether the first floor of the premises was converted into office space pursuant to the alteration permit, and whether any alleged alteration invalidated the certificate of occupancy (*see,* Administrative Code of City of NY §§ 27-112, 27-217; *see also, Kaltsas v Holender,* 163 AD2d 357). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.